IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKIE McLEOD, # 116274-A, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09cv714-ID |
| | ) | (WO) |
| GRANTT CULLIVER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

On July 25, 2009, the *pro se* petitioner, Jackie McLeod ("McLeod"), filed a pleading styled as a "2241 Petition for Writ of Habeas Corupus" (*Doc. No. 1*), in which he contends that the Alabama Board of Pardons and Paroles violated his constitutional rights when revoking his state parole. Because McLeod is in custody pursuant to the judgment of a state court, this court concludes his instant petition, notwithstanding the manner in which it has been styled by McLeod, should be construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003).

In light of the foregoing, and in compliance with the requirements of *Castro v. United States*, 540 U.S. 375, 382-83 (2003), the court hereby advises McLeod of its intention to recharacterize his petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court **cautions** McLeod that such recharacterization renders this § 2254 petition and any subsequent § 2254 petition filed with this court susceptible to each of the procedural

limitations imposed upon a § 2254 petition. Specifically, McLeod is **cautioned** that the instant § 2254 petition and any subsequent § 2254 petition shall be subject to the one-year period of limitation and the successive petition bar applicable to § 2254 petitions.[1]

In further compliance with the requirements of *Castro*, *supra*, it is

**ORDERED that on or before April 6, 2011**, McLeod shall advise this court whether he seeks to do <u>**one**</u> of the following:

1. Proceed before this court pursuant to 28 U.S.C. § 2254 on those claims presented in his petition (*Doc. No. 1*) as amended (*Doc. No. 29*);

2. Amend his petition to assert any additional claims pursuant to 28 U.S.C. § 2254 on which he wishes to challenge the decision of the Alabama Board of Pardons and Paroles revoking his state parole; or

3. Withdraw his petition.

McLeod is **CAUTIONED** that if he fails to file a response in compliance with this order, <u>which requires that he advise the court that he wishes to do one of the above</u>, this cause shall proceed as an action under 28 U.S.C. § 2254, with the court considering only those claims presented in his original petition (*Doc. No. 1*) as amended (*Doc. No. 29*).[2]

---

[1] "A 1-year period of limitation shall apply to an application [for habeas corpus relief pursuant to 28 U.S.C. § 2254]." 28 U.S.C. § 2244(d)(1). Further, pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for habeas corpus relief pursuant to 28 U.S.C. § 2254] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[2] Although the Supreme Court's decision in *Castro* involved a federal prisoner and 28 U.S.C.
(continued...)

Done this 16th day of March, 2011.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
§ 2255 law, and although neither the Supreme Court nor the Eleventh Circuit has explicitly extended the rule of *Castro* to § 2254 petitions, it appears that in this circuit the holding and rationale of *Castro* apply equally to state prisoners and § 2254 law. *See Parks v. McNeil*, No. 4:07cv493, 2008 WL 4916055 *4 (N.D. Fla. Nov. 12, 2008) (noting that, in the particular case, the Eleventh Circuit, citing *Castro*, had explained that because the district court recharacterized petitioner's initial filing "without warning him of the potential consequences of such recharacterization or giving him the opportunity to withdraw or amend the document;" the recharacterized petition did not render a subsequent § 2254 petition "second or successive" for purposes of 28 U.S.C. § 2244(b)'s restrictions).